UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER MATHIS-YATES,

    Plaintiff,

v.                                                           Case No: 2:16-cv-545-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause comes before the Court on Plaintiff Jennifer Mathis-Yates' Complaint (Doc. 1) filed on July 8, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claims for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**     **Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review**

    **A.**     **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On September 5, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits. (Tr. at 236). On September 18, 2012, Plaintiff filed an application for supplemental security income. (Tr. at 238). Both applications assert an onset date of December 20, 2008. (Tr. at 22). Plaintiff's applications were denied initially on January 3, 2013 (Tr. at 116-17), and upon reconsideration on February 28, 2013 (Tr. at 162-63). A video hearing was held before Administrative Law Judge ("ALJ") Jerry Faust on September 3, 2014. (Tr. at 47-86). The ALJ issued an unfavorable decision on January 14, 2015. (Tr. at 19-46). The ALJ found Plaintiff not to be under a disability from December 20, 2008, through the date of the decision. (Tr. at 40).

On May 12, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-6). Plaintiff filed a Complaint (Doc. 1) in this Court on July 8, 2016. Defendant filed an Answer (Doc. 17) on October 24, 2016. The parties filed Memoranda in support. (Docs. 23-24). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 21). This case is ripe for review.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir.

2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through March 30, 2011. (Tr. at 24). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 20, 2008, the alleged onset date. (Tr. at 24). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "fibromyalgia; migraine headaches; degenerative disc disease of the cervical and lumbar spine; substance abuse; obesity; seizure disorder; depressive disorder; and panic disorder without agoraphobia." (Tr. at 25). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. at 26).

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Based on the evidence, the ALJ determined that Plaintiff had the RFC to perform "less than the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a)" except:

> [Plaintiff] can lift, carry, push, and pull 10 pounds occasionally and five pounds frequently; sit with normal breaks for a total of six out of an eight hours a day with a sit/stand option up to every 20 minutes; stand and walk with normal breaks for a total of two out of eight hours a day; occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. The claimant should avoid concentrated exposure to vibration, fumes, odors, dusts, gases, and poor ventilation; and avoid all exposure to hazardous machinery and unprotected heights. The claimant can perform simple routine and repetitive tasks in a relatively static environment with infrequent changes, and no fast production pace or stringent production quotas. Furthermore, the claimant cannot perform tandem or group tasks, but can have occasional superficial interaction with coworkers and superiors, and no interaction with the public. Superficial, in this context, is defined as no negotiation, confrontation, arbitration, mediation, or supervision of others.

(Tr. at 28).

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. (Tr. at 39).

At step five, after considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 39). Specifically, the vocational expert ("VE") testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations such as:

(1) Printed circuit board inspector, (Dictionary of Occupational Titles (DOT) 726.684-110), which is sedentary, unskilled work, with a SVP of two, and of which there are approximately 900 jobs locally, and 56,000 jobs nationwide;

(2) Wire wrapper, (DOT 723.687-010), which is sedentary, unskilled work, with a SVP of two, and of which there are approximately 500 jobs locally and 34,000 jobs nationwide; and

> (3) Lens inserter, (DOT 713.687-026), which is sedentary, unskilled work, with a SVP of two, and of which there are approximately 625 jobs locally and 40,000 jobs nationwide.

(Tr. at 40).[2]

Pursuant to Social Security Ruling 00-4p, the ALJ found the VE's testimony to be consistent with the information contained in the DOT. (Tr. at 40). The ALJ further noted that VE "testified that requiring a cane to ambulate does not affect the ability to perform these jobs." (Tr. at 40). Based on the VE's testimony and considering Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. at 40). The ALJ determined, therefore, that a finding of "not disabled" was appropriate. (Tr. at 40).

Accordingly, the ALJ concluded that Plaintiff was not under a disability from December 20, 2008, through the date of the decision. (Tr. at 40).

### D.     Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

---

[2] "SVP" stands for Specific Vocational Preparation code.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

**II.     Analysis**

Plaintiff raises one issue on appeal. (Doc. 23 at 2). Specifically, Plaintiff contends that the ALJ did not offer good cause for rejecting the opinions of her treating physician, Gonzalo Echavarria, M.D. (*Id.*).

In reviewing this issue, the Court notes that medical opinions are statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). When evaluating a medical opinion, the factors an ALJ must consider include: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's specialization. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

An ALJ is required to consider every medical opinion. *Bennett v. Astrue*, No. 308-cv-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). Additionally, the Eleventh Circuit has stated that an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Otherwise, the Court has no way to determine whether substantial evidence supports the ALJ's decision, and the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See id.*

Further, the Eleventh Circuit has held that the opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* An "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 526 (11th Cir. 2015) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)). Moreover, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme*, 518 F. App'x at 877-78 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

In looking at the ALJ's decision, the Court notes that the ALJ gave Dr. Echavarria's "limited weight." (Tr. at 36). The ALJ gave four reasons for giving Dr. Echavarria's opinions this weight. First, the ALJ stated that Dr. Echavarria's medical opinions are not consistent. (Tr. at 37). Second, the ALJ stated that the medical record does not support Dr. Echavarria's opinion

regarding Plaintiff's purported limitations. (Tr. at 36-37). Third, the ALJ found Dr. Echavarria's opinion to be "quite conclusory." (Tr. at 37). Finally, the ALJ stated that Dr. Echavarria's opinion that Plaintiff "satisfies the Listings despite his records documenting that she lacks the specific findings required by the Listings [], substantially detracts from the credibility of his opinions and strongly suggests that his opinions are result oriented." (Tr. at 37). The Court addresses each reason in turn below.

### A. Whether Dr. Echavarria's medical opinions are consistent.

The first reason given by the ALJ for affording Dr. Echavarria's medical opinion little weight is that Dr. Echavarria's "opinion are not consistent." (Tr. at 36). In support of this finding, the ALJ cited a treating source statement completed by Dr. Echavarria. (Tr. at 36 (citing Tr. at 700-706)). The ALJ found Dr. Echavarria's treating source statement to be internally inconsistent. (*See* Tr. at 36).

For instance, the ALJ noted that, in two places, Dr. Echavarria opined that Plaintiff is precluded from work due to her fibromyalgia and headaches. (Tr. at 36 (citing Tr. 704-705)). Notwithstanding this opinion, however, the ALJ noted that, in another part of the treating source statement, Dr. Echavarria opined that Plaintiff has the capacity to work one hour per day with her cervical spine disorder. (Tr. at 36 (citing Tr. 702)). Another example the ALJ noted was that, in one place, Dr. Echavarria opined that Plaintiff does not have the capacity to stand at all during the workday, but in another place opined that Plaintiff could stand for 15 minutes at one time. (Tr. at 36 (citing Tr. at 703-704)). Furthermore, the ALJ noted that Dr. Echavarria opined, in one part of the statement, that Plaintiff could sit for only 15 minutes at one time but, in another part of the statement, also opined that Plaintiff could sit for 60 minutes in a workday. (Tr. at 36 (citing Tr. at 702, 704)). Moreover, the ALJ noted that Dr. Echavarria opined that although

8

Plaintiff could lift five pounds occasionally, Plaintiff could lift no pounds frequently. (Tr. at 36 (citing Tr. at 704)).

In his review of the opinions, the ALJ acknowledged that Dr. Echavarria is Plaintiff's treating physician. (Tr. at 36). Despite this relationship, the ALJ stated that the ability "to perform work is binary - either the claimant is or is not able to work." (Tr. at 36). Thus, the ALJ could not reconcile Dr. Echavarria's opinion that Plaintiff "is unable to work due to limitations imposed by her fibromyalgia and headaches, but in the same breath states that the claimant can perform some work with her back pain." (Tr. at 36).

On this point, Plaintiff argues that the ALJ overlooked the fact "that the opinion forms asked Dr. Echavarria to evaluate the limitations resulting from each of Yates's individual impairments." (Doc. 23 at 16). Plaintiff argues that "[s]ince Dr. Echavarria found on each of the forms that Yates was incapable of competitive employment, any minor variations between the three forms were not particularly significant." (*Id.* at 17).

Upon review, however, the Court finds that the ALJ's citations to the record provide substantial evidence in support of his finding that Dr. Echavarria's opinions are inconsistent. For instance, in some places, Dr. Echavarria opined that Plaintiff cannot work at all, (Tr. at 704-705), while in other places opined that Plaintiff can work for one hour per day, (Tr. at 702-703). Similarly, in several places, Dr. Echavarria opined that Plaintiff can stand for 15 minutes at one time, (Tr. at 702-704), but Dr. Echavarria's opinion also states that Plaintiff cannot stand at all during a workday. (Tr. at 704). As indicated above, good cause exists to discount a treating physician's opinion when the treating physician's opinion was not bolstered by the evidence and when the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips*, 357 F.3d at 1240-41. Here, because the ALJ cited multiple instances

where Dr. Echavarria's opinions are inconsistent, the Court finds that good cause exists to discount Dr. Echavarria's opinion on this ground. *See id.*

> **B.** **Whether the medical record supports Dr. Echavarria's medical opinions.**

The second reason the ALJ gave for giving Dr. Echavarria's medical opinions limited weight is that the medical record does not support Dr. Echavarria's opinion regarding Plaintiff's limitations. (Tr. at 36-37). In support, the ALJ wrote that "[a]lthough Dr. Echavarria opines that the claimant has limitations with respect to sitting, the claimant testified that she has no problem using a power chair to grocery shop and typically lays down 30 to 40 minutes at a time to alleviate her alleged back pain." (Tr. at 37). The ALJ found that [t]his directly contradicts Dr. Echavarria's opinion that the claimant can only sit for 15 minutes at a time." (Tr. at 37).

On this point, Plaintiff argues that "the ALJ was unable to identify any specific inconsistencies." (Doc. 23 at 18). Plaintiff argues that, in fact, Dr. Echavarria's treatment notes "support Dr. Echavarria's opinion that Yates has severe pain that would interfere with her ability to work." (*Id.* at 18-19). Plaintiff argues that "the ALJ did not convincingly explain how Yates's activities contradicted the doctor's findings" as to Plaintiff's activities of daily living. (*Id.* at 19). Plaintiff contends that while the ALJ noted she "can use a power chair to grocery shop, [] Dr. Echavarria acknowledged that Yates could sit for up to 30 minutes, and there is nothing in the record to indicate that she shops for greater lengths of time." (*Id.* (citing Tr. at 66, 702-04)). Further, Plaintiff argues that while "[t]he ALJ also observed that Yates can lie down for 30 to 40 minutes at a time . . . lying down is obviously different from sitting." (*Id.* (citing Tr. at 61)). Plaintiff contends that "[h]er need to spend part of the day on the bed actually supports Dr. Echavarria's statements about her limited tolerance for sitting and standing." (*Id.*). Moreover, Plaintiff notes that she "relies on her mother to take care of all of the household

10

chores, including cooking, cleaning, washing dishes, and doing the laundry." (*Id.* (citing Tr. at 64)).

The Court finds that the record supports the ALJ's finding that the medical record does not support Dr. Echavarria's opinion regarding Plaintiff's limitations. (Tr. at 36-37). For instance, notwithstanding Dr. Echavarria's inconsistent opinions as to sitting, the Court notes that Dr. Echavarria opined that Plaintiff was limited to as little as 15 minutes of sitting at one time. (Tr. at 704).[3] The ALJ reviewed the medical evidence of record and cited Plaintiff's testimony where she stated that "uses a riding buggy" to grocery shop. (Tr. at 66). The ALJ found this testimony to be inconsistent with Dr. Echavarria's significant limitations as to sitting. (Tr. at 36). As stated above, good cause exists to discount a treating physician when the treating physician's opinion was not bolstered by the evidence. *See Phillips*, 357 F.3d at 1240-41. In this instance, unless one assumes that *every* trip by Plaintiff to the grocery store was less than 15 minutes, then Plaintiff's testimony provides substantial evidence against Dr. Echavarria's opinion regarding Plaintiff's sitting limitations. *See id.* At the very least, Plaintiff's testimony does not bolster Dr. Echavarria's opinion as to sitting and, therefore, the ALJ had good cause to discount the opinion. *See id.*

Moreover, in addition to citing Plaintiff's testimony in the paragraph where he assigned the weight to Dr. Echavarria's opinion, the ALJ stated other reasons, in other parts of his decision, why Dr. Echavarria's opinion is not supported by the medical evidence. For instance, while Dr. Echavarria opined that Plaintiff suffered significant limitations and pain, the ALJ nevertheless noted that Dr. Echavarria's examination records showed "full 5/5 lower extremity

---

[3] In other places, Dr. Echavarria opined that Plaintiff could sit for 30 minutes at one time, (Tr. at 702-703), and up to 60 minutes in a workday, (Tr. at 704).

motor strength, good muscle tone, and normal deep tendon reflexes." (Tr. at 33 (citing Tr. at 713)). Additionally, the ALJ found that Dr. Echavarria's records lacked "documentation of motor, sensory, or reflex loss." (Tr. at 36). Moreover, the ALJ noted Dr. Echavarria's opinion that Plaintiff's pain was improved with medication. (Tr. at 32, 36 (citing Tr. at 713, 723)). As indicated above, good cause exists to discount a treating physician's opinions when the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips*, 357 F.3d at 1240-41. Here, there is evidence in Dr. Echavarria's own medical records that supports contrary conclusions regarding Plaintiff's limitations and pain. Thus, the record supports the ALJ's finding that the medical record does not support Dr. Echavarria's opinion regarding Plaintiff's limitations. *See id.*

In sum, substantial evidence supports the ALJ's decision. The Court finds, therefore, that the ALJ did not err on this ground.

**C.     Whether Dr. Echavarria's medical opinions are conclusory.**

The next reason given by the ALJ for giving Dr. Echavarria's opinion limited weight is that Dr. Echavarria's opinions are "quite conclusory." (Tr. at 37). In support, the ALJ stated that Dr. Echavarria's opinion provided "very little explanation of the evidence relied on in forming that opinion." (Tr. at 37).

On this point, Plaintiff argues that a closer inspection of Dr. Echavarria's treating source statement shows "that the doctor did describe the objective medical findings that supported the limitations that he described." (Doc. 23 at 17). Plaintiff argues that "[w]hile the doctor may not have submitted a detailed narrative, he did provide enough information to allow the ALJ to judge the basis for his opinions[.]" (*Id.* at 18).

Upon review, however, the ALJ's finding that Dr. Echavarria's opinions are "quite conclusory" is supported by substantial evidence. Specifically, the Court notes that the weight given to any medical opinion depends on the degree to which the opinions *provide supporting explanations*. 20 C.F.R. § 404.1527(c)(3). Here, Plaintiff acknowledges that the Dr. Echavarria's treating source statement does not provide a detailed narrative. (Doc. 23 at 18). Moreover, Dr. Echavarria's treating source statement, in fact, gives "very little explanation of the evidence relied on in forming that opinion." (Tr. at 37). The treating source statement is only a series of check boxes and circle answers without accompanying explanations. (Tr. at 701-705). Moreover, the Court notes that the "Comments" section is left blank in the three places where comments may be provided in the statement. (Tr. at 702-704). Accordingly, because Dr. Echavarria's opinions do not provide good supporting explanations, substantial evidence supports the ALJ's finding that Dr. Echavarria's opinions are "quite conclusory." The ALJ did not err for giving Dr. Echavarria's opinion limited weight on this ground.

> D. **Whether Dr. Echavarria's finding that Plaintiff satisfies the Listings substantially detracts from the credibility of his opinions.**

The final reason given by the ALJ for giving Dr. Echavarria's opinion little weight is his finding that Dr. Echavarria's determination that Plaintiff satisfies the Listings substantially detracts from the credibility of his opinions. (Tr. at 37). The ALJ found that this "strongly suggests that his opinions are result oriented." (Tr. at 37).

On this point, Plaintiff contends that because "she met many of the evidentiary requirements" for the Listings, "Dr. Echavarria's suggestion that she met the Listing does not reflect as poorly on his credibility as the ALJ suggested." (Doc. 23 at 20). Nevertheless, as noted above, good cause exists to discount a treating physician's opinion when the evidence supports a contrary finding. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis v. Callahan*, 125 F.3d

1436, 1440 (11th Cir. 1997)). Here, Plaintiff concedes that the record evidence supports a contrary finding. (*See* Doc. 23 at 20-21). Specifically, Plaintiff acknowledges in her memorandum that she does "not have the degree of motor or sensory loss required by the Listing." (Doc. 23 at 20-21). Accordingly, because Plaintiff concedes that the evidence supports a contrary finding, the Court finds that good cause existed for discounting Dr. Echavarria's opinion. The ALJ, therefore, did not err on this ground.

### III. Conclusion

In sum, even though Dr. Echavarria was Plaintiff's treating physician, the record shows that the ALJ's reasons for giving Dr. Echavarria's opinions limited weight are supported by substantial evidence. Thus, good cause existed not to give substantial or considerable weight to Dr. Echavarria's opinions. *See Phillips*, 357 F.3d at 1240-41. Accordingly, upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 27, 2017.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties